UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MONTEZELLO aka ROY A. MONTES, | No. 2:21-cv-0906-EFB P |
| Plaintiff, | ORDER |
| v. | |
| PESCE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has paid the filing fee.

### Screening Standards

Notwithstanding payment of the filing fee, the court must screen plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

1

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff's complaint (ECF No. 1) alleges the following: On May 18, 2020, inmate Padilla became agitated and exchanged words with plaintiff. *Id.* at 7. Later that evening, plaintiff was returning to his assigned cell and found Padilla waiting for him at the foot of the C-section staircase. *Id.* For two minutes, in a "loud, belligerent fashion," Padilla challenged plaintiff to a fight and insulted plaintiff. *Id.* at 8. Officer Mott was in the control tower but ignored the situation and plaintiff's efforts to get his attention. Ultimately, Padilla swung at plaintiff, bringing him to the ground, and continued to punch plaintiff in his back and shoulders. *Id.*

/////
/////
/////

Officer Mott stopped the attack by firing "several rounds," one of which struck plaintiff in the back. *Id.* Officer Pesce also responded by throwing a "pepper powder grenade," which suffocated both plaintiff and Padilla. *Id.* at 9. Officer Sergeant then handcuffed plaintiff and escorted him to the Facility A Program Office. *Id.*

Plaintiff asserts an Eighth Amendment deliberate indifference to safety claim and state law negligence claim against defendant correctional officers Mott, Padilla, and Gaetano.

Liberally construed, plaintiff's allegations are sufficient to state a potentially cognizable Eighth Amendment deliberate indifference to safety claim against defendant Mott. The allegations are not sufficient to state any other claim. As for defendant Gaetano, there are no allegations at all. As for defendant Pesce, the claim that he responded to an inmate fight with a pepper powder grenade does not demonstrate deliberate indifference to plaintiff's safety. Finally, plaintiff has failed to properly plead a state tort law claim of negligence. The California Torts Claims Act ("Act") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Plaintiff's complaint is devoid of such allegations.

For these reasons, plaintiff may either proceed only on the potentially cognizable Eighth Amendment claim against defendant Mott or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

<u>Leave to Amend</u>

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

/////

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's complaint alleges, for screening purposes, a potentially cognizable Eighth Amendment deliberate indifference to safety claim against defendant Mott.
2. All other claims, including those against defendants Pesce and Gaetano, are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

/////

/////

/////

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: August 23, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MONTEZELLO aka ROY A. MONTES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PESCE, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-0906-EFB P<br><br>NOTICE |

　　　In accordance with the court's Screening Order, plaintiff hereby elects to:

　　　(1) _____  proceed only with the Eighth Amendment deliberate indifference to safety claim against defendant Mott;

　　　OR

　　　(2) _____  delay serving any defendant and file an amended complaint.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated:

6