UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MONTEZELLO aka ROY A. MONTES,<br><br>        Plaintiff,<br><br>    v.<br><br>PESCE, et al.,<br><br>        Defendants. | No. 2:21-cv-0906-EFB P<br><br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After the court screened plaintiff's original complaint pursuant to 28 U.S.C. § 1915A, he filed an amended complaint (ECF No. 11) which the court must now screen.[1]

<u>Screening Order</u>

Plaintiff alleges the following: Plaintiff is a target for discrimination, harassment, and abuse from other inmates because of his mental illness. ECF No. 11 at 17-18. On May 18, 2020, inmate Padilla loudly and openly challenged plaintiff to a fight. *Id.* at 7-9. Plaintiff claims that defendant correctional officers Gaetano, Pesce, and Mott, who could all see and hear Padilla's

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

threats, which went on for two minutes, did nothing to protect plaintiff. Instead, Gaetano walked into his office, Pesce ducked at his podium station, and Mott simply ignored plaintiff from the control booth. *Id.* at 7-9, 12, 16. Inmate Padilla ultimately rushed plaintiff and began punching him. *Id.* at 8-9. Padilla ended up on top of plaintiff on the floor. *Id.* at 9. Officer Mott's response was to discharge a 40 mm round, which (somehow) hit plaintiff on his back. *Id.* at 9, 15-16. Padilla continued to assault plaintiff. *Id.* at 9. Officer Pesce then deployed a pepper grenade, which "suffocated" both plaintiff and Padilla with "toxic pepper powder." *Id.* During the incident, plaintiff had been carrying his CD player, which along with his Roman Catholic faith and church participation, provide him with forms of "distractive therapy." *Id.* at 19. After the incident, plaintiff's CD player was found, broken, in Pesce's trashcan, which was marked with the words "FUCK THE POPE." *Id.* at 20; *see also id.* at 33. This caused plaintiff severe emotional distress. *Id.*

For the limited purposes of screening, the court finds that plaintiff's amended complaint states the following potentially cognizable claims: (1) that defendant correctional officers Pesce, Gaetano, and Mott deliberately failed to protect plaintiff from violence at the hands of another prisoner in violation of the Eighth Amendment and were negligent under state law; and (2) that defendant Pesce negligently and/or intentionally inflicted emotional distress upon plaintiff in violation of state law.

The amended complaint does not state a cognizable claim of excessive force. To state a claim for excessive force, plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

For these reasons, plaintiff may either proceed only on the potentially cognizable claims identified herein or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional

rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 11) alleges, for screening purposes, the following potentially cognizable claims:

1         a. that defendant correctional officers Pesce, Gaetano, and Mott deliberately failed to protect plaintiff from violence at the hands of another prisoner in violation of the Eighth Amendment and were negligent under state law, and;

       b. that defendant Pesce negligently and/or intentionally inflicted emotional distress upon plaintiff in violation of state law.

2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order.  Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the potentially cognizable claims identified herein or file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: November 12, 2021.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MONTEZELLO aka ROY A. MONTES,<br><br>           Plaintiff,<br><br>   v.<br><br>PESCE, et al.,<br><br>           Defendants. | No. 2:21-cv-0906-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____  proceed only with the claims that (a) defendant correctional officers Pesce, Gaetano, and Mott deliberately failed to protect plaintiff from violence at the hands of another prisoner in violation of the Eighth Amendment and were negligent under state law; and (b) that defendant Pesce negligently and/or intentionally inflicted emotional distress upon plaintiff in violation of state law.

    OR

    (2) _____  delay serving any defendant and file an amended complaint.

                                                                                    _____

                                                                                                                 Plaintiff

Dated: