1
2
3
4
5
6                           UNITED STATES DISTRICT COURT
7                       FOR THE EASTERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| RAYMOND MONTEZELLO,<br><br>    Plaintiff,<br><br>v.<br><br>PESCE, et al.,<br><br>    Defendants. | No. 2:21-cv-00906-DJC-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case proceeds on plaintiff's first amended complaint alleging an Eighth Amendment claim that defendant correctional officers Pesce, Gaetano, and Mott deliberately failed to protect him from violence at the hands of other inmates, as well as state law claims for negligence and negligent infliction of emotional distress.[1] ECF Nos. 11, 12, 13. Plaintiff has filed a motion and an amended motion for temporary restraining order and preliminary injunction (the "Motion").[2] ECF Nos. 66, 67. Defendants have responded. ECF No. 68. Plaintiff has not

---

[1] The court has granted summary judgment on plaintiff's additional claim against Pesce for negligent and/or intentional infliction of emotional distress in violation of state law. *See* ECF Nos. 12 at 2, 47, 48.

[2] Plaintiff filed his amended motion, ECF No. 67, four days after the original motion, ECF No. 66. Plaintiff's amended motion states that he intends it to supersede his "inadvertently deficient" original motion. ECF No. 67 at 3. The amended motion appears to effectively encompass the original motion. A party is permitted to amend as a matter of course within 21 days of filing the original pleading, and an amended pleading must be complete in itself without reference to any earlier filed pleading. Fed. R. Civ. P. 15(a)(1); E.D. Cal. L. R. 220. However, defendants have responded to both the original and amended motions. ECF No. 68. The court also addresses both the original and amended motions as if presented in a single pleading.

1

filed a reply.

## Background

The FAC alleges that plaintiff is a target for discrimination, harassment, and abuse from other inmates because of his mental illness. ECF No. 11 at 17-18. On May 18, 2020, defendants allegedly failed to intervene to prevent or timely stop an assault by another inmate on plaintiff. *Id*. at 7-9, 12, 15-16.

## Plaintiff's Motion for Preliminary Relief

Plaintiff alleges that on the afternoon of May 20, 2025, he was "jumped" in the exercise yard by his former gang members.[3] ECF No. 67 at 2. He alleges this incident was incited by an untrue accusation from his cellmate that plaintiff had wrongly taken back a pair of shorts, amid disagreement about whether the shorts had been gifted or merely loaned to the cellmate. *Id*. He alleges correctional officers "failed to sound the alarm" regarding the May 20 assault. *Id*. at 2. He claims that before the assault he had observed behaviors that seemed to presage the officers' failure to protect him: 1) defendant Gaetano had smirked and grinned at plaintiff the previous evening, 2) an unidentified officer stood in front of plaintiff about ten to fifteen minutes before the attack, glaring at plaintiff with an expression of smug contempt, and 3) an inmate yard crew worker began making flagrant gesticulations in front of plaintiff. *Id*. at 2-3. Plaintiff claims that the next day his ADA worker associate told him that "everybody saw the assault – even the officers." *Id*. at 3-4.

Plaintiff argues these events show he is being "isolated, disparaged and openly humiliated" and that he is being egregiously targeted. *Id*. at 4. He claims that defendant Gaetano in particular "harbors a lawless and retaliatory defiance to my dignity, health and safety." *Id*. Plaintiff does not allege any injury, nor even any medical attention, as a result of being jumped. His narrative account seems to indicate that he continued conducting his normal activities the day of, and the day after, the alleged assault. *Id*. at 3-4.

Plaintiff asks for a preliminary injunction ordering defendants "as well as all correctional

---

[3] Plaintiff states that he is not attempting to supplement his complaint with another failure to protect claim based on the event of May 20, 2025. ECF No. 67 at 4.

2

officers currently under investigation at Mule Creek State Prison (e.g., for acts of retaliation and law enforcement gang activity) to stay away from me and cease their incessant (unlawful) influence." *Id*. at 4-5.  He also requests an order: 1) that he be housed in a single cell pending outcome of trial proceedings, 2) for a transfer to San Quentin State Prison, which entails a behavioral override,[4] and 3) for archiving of surveillance video for specified locations and times on May 20 and 21, 2025, which presumably would be evidence of plaintiff's factual allegations. *Id*. at 5; ECF No. 66 at 2-3.

Defendants argue that the relief requested by plaintiff is not related to his claims against them in this lawsuit.  ECF No. 68 at 2.  They maintain that plaintiff has not shown a likelihood of success on the merits of a claim against them and fails to allege how he will suffer an irreparable harm.  *Id*.  They claim that plaintiff has not exhausted his administrative remedies.  *Id*.

<u>Legal Standards</u>

A temporary restraining order or preliminary injunction may be issued based upon a showing "that immediate and irreparable harm, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co*., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).  The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer," *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974), and to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far-reaching power not

---

[4] A behavioral override is required if a prisoner is to be housed in a lower-security facility than would ordinarily be allowed by the prisoner's custody classification score.  Cal. Code Regs. tit. 15, § 3375.2(b)(3); *see Alexander v. Cross*, No. 24-2942, 2025 WL 1806880, at *1 (9th Cir. July 1, 2025).  Plaintiff is acknowledging that the transfer he seeks would require a behavioral override.  ECF No. 66 at 3; ECF No. 67 at 5.

3

to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has held that the "sliding scale" approach it applies to preliminary injunctions – that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another – survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Analysis

A.     The Requested "Stay Away" Order

The only relief plaintiff requests that would specifically implicate defendants, is that they (together with all correctional officers currently under investigation) be ordered to "stay away" from him, and less clearly that they "cease their [] influence." As a practical matter, an order for correctional officers to stay away from an individual prisoner would undoubtedly conflict with the job duties assigned to the officers by their supervisors and would almost certainly require revision of staffing assignments at the prison. Such an order must necessarily be implemented by the supervisory prison officials who assign the officers' job duties, requiring them to assign officers in such a manner that they have no contact with plaintiff.

Neither the supervisory officials, nor the other unnamed correctional officers currently under investigation, are parties to this lawsuit. "Injunctions may apply to parties and nonparties

who act 'in concert with' named parties." *National TPS Alliance v. Noem*, 773 F. Supp. 3d 807, 827 (N.D. Cal. 2025) (citing *SEC v. Wencke*, 622 F.2d 1363, 1368 (9th Cir. 1980)); *see* Fed. R. Civ. P. 65(d)(2) (the persons who may be bound by injunctions and restraining orders are parties, their officers, agents, servants, employees, and attorneys, and others in active concert or participation with them). The court does not have authority under Rule 65(d)(2) to issue preliminary relief ordering non-party, supervisory prison officials to reassign defendants (as well as non-defendant correctional officers) in such a manner that they have no contact with plaintiff. Supervisory prison officials are not defendants' agents, servants, or employees, and have not been shown to be in "active concert or participation" with defendants.[5]

Plaintiff's request also fails to satisfy any of the four prongs of the *Winter* test. As for the first two prongs, plaintiff does not show that he is likely to succeed on the merits of his allegation that he has been egregiously targeted, or that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff's allegations that defendant Gaetano smirked and grinned at him the previous evening and another officer glared at him ten to fifteen minutes before the May 20, 2025 assault, are insufficient to show that 1) any of the defendants were among the officers who allegedly failed to sound an alarm, 2) officers who were present deliberately failed to provide appropriate response, or 3) even if these events occurred as plaintiff alleges, defendants and other correctional officers should be ordered to "stay away" from him as an appropriate remedy. Plaintiff does not provide any further information about the assault or the reason officers should

---

[5] The meaning of the phrase "other persons who are in active concert or participation" in Rule 65(d)(2)(C) is "derived from the common law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in privity with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *cPanel, LLC v. Asli*, 719 F. Supp. 3d 1133, 1154 (D. Ore. 2024) (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) (internal quotation marks omitted)).
 "Courts have carefully distinguished between entering an injunction against a non-party, which is forbidden, and holding a non-party in contempt for aiding and abetting in the violation of an injunction that has been entered against a party, which is permitted." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1395 (Fed. Cir. 1996); *see also Sierra v. Castellanos*, No. 1:17-cv-1691-DAD-EPG (PC), 2022 WL 374419, at *2 (E.D. Cal. Feb. 8, 2022) (denying injunction against non-party correctional officer at a different prison who did not appear to be in active concert or participation with defendant); *Belyew v. Honea*, No. 2:17-cv-0508-LJM AC P, 2021 WL 2310405, at *2 (E.D. Cal. June 7, 2021) (denying injunction against non-party prison officials).

have sounded an alarm. Plaintiff implicitly alleges that some intervention should have occurred, but he has not alleged any specific injury as a result of the assault or the lack of intervention. The comment made by plaintiff's ADA assistant the following day, that "everybody saw the assault – even the officers," is insufficient to establish whether an alarm or intervention was necessary and appropriate, or what harm might have been prevented by the sounding of an alarm, or indeed why officers should be ordered to stay away from plaintiff.

As for the last two prongs of the *Winter* test, courts do not intervene in the day-to-day management of prisons unless there are exceptional circumstances to warrant such intervention. *Thornburg v. Abbott*, 490 U.S. 401, 407-08 (1989) (officials are "afforded considerable deference" in the operation of prisons); *Turner v. Safley*, 483 U.S. 78, 90 (1987) ("When accommodation of an asserted right will have a significant 'ripple effect' on fellow inmates or on prison staff, courts should be particularly deferential to the informed discretion of corrections officials."). Ordering defendants and other officers to "stay away" from plaintiff would be a serious imposition on prison operations, which plaintiff has not shown to be supported by any balancing of equities, or to be in the public interest. For all these reasons, the court must deny plaintiff's request for "stay away" preliminary relief.

B.      Housing Assignments and Video Recordings

Plaintiff's remaining requests for preliminary relief fail for similar reasons. Initially, plaintiff does not allege nor show that any of the defendants has authority to provide single cell housing or a transfer to a different prison (necessitating a behavioral override), or possibly even to obtain archiving of surveillance video. Prison officials who have authority to provide some or all of this relief are not parties to this action or in concert with parties to this action within the meaning of Fed. R. Civ. P. 65(d)(2).

Plaintiff also fails to satisfy the *Winter* test. He has not shown a likelihood of success on the merits of his claims that would support prospective injunctive relief, or that he is likely to suffer irreparable harm if he remains in a double cell in his current prison. He alleges a tenuous connection between the disagreement with his cellmate over the loaned shorts and being jumped in the exercise yard. Even if the first event is presumed to have contributed to the second event,

6

he has not shown irreparable harm is likely to result from continuing in his present housing assignment, especially because he has not alleged any actual injury as a result of being jumped.

Prison officials have discretion to assign housing, including whether to transfer a prisoner. *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976). Plaintiff has not shown that the balance of equities in this case, or the public interest, support preliminary injunctive relief to override the discretion allowed to prison officials to assign his housing.

As for the archiving of surveillance video, plaintiff himself appears to recognize that the events of May 20-21, 2025 are unrelated to his Eighth Amendment failure to protect claim based on the events of May 18, 2020. The 2025 video does not affect the court's ability to grant effective relief regarding plaintiff's claim in this action. *See Sierra On-Line*, 739 F.2d at 1422. Nor has plaintiff shown that the video is unavailable through normal procedures.[6] For all these reasons, the preliminary relief plaintiff requests must be denied.

## RECOMMENDATION

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's motion for preliminary restraining order and preliminary injunction, ECF Nos. 66, 67, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 5, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[6] The court need not reach defendants' argument that plaintiff has failed to exhaust administrative grievances regarding the May 20, 2025 assault.